[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12193

_____

D. C. Docket No. 04-02082-CV-1-TWT

TERESA ELDRIDGE,

Plaintiff-Appellant,

versus

WACHOVIA CORPORATION LONG-TERM DISABILITY PLAN,
WACHOVIA'S BENEFITS COMMITTEE,
WACHOVIA CORPORATION,
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendants-
Counter-Claimants-
Counter-Defendants-
Appellees,

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 18, 2007)**

Before BIRCH and PRYOR, Circuit Judges, and COVINGTON,[*] District Judge.

PER CURIAM:

Teresa Eldridge appeals the summary judgment against her claims under the Employee Retirement Income Security Act relating to the termination of her long-term disability benefits ("LTD benefits") under the Wachovia Corporation Long-Term Disability Plan. She contends that the district court erred when it affirmed the termination of her LTD benefits, refused to permit discovery, and declined to impose penalties on the administrators of the Plan for failure to provide certain Plan documents. We affirm.

"We review a district court's grant of summary judgment de novo, applying the same legal standards that controlled the district court's decision." Levinson v. Reliance Standard Ins. Co., 245 F.3d 1321, 1325 (11th Cir. 2001). Although "ERISA provides no standard for reviewing decisions of plan administrators," Williams v. BellSouth Telecomms., Inc., 373 F.3d 1132, 1134 (11th Cir. 2004), we have adopted a "well-defined series of steps in reviewing a denial of benefits decision in an ERISA case," Tippitt v. Reliance Standard Life Ins. Co., 457 F.3d 1227, 1231-32 (11th Cir. 2006). "'At each step, the court makes a determination that results in either the progression to the next step or the end of the inquiry.'" Id.

---

[*] The Honorable Virginia M. Hernandez Covington, United States District Judge for the Middle District of Florida, sitting by designation.

2

at 1232 (quoting HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001)).

Only the first two steps are relevant to this appeal. In step one, the court "examin[es] the plan documents to determine whether they grant the administrator discretion" in making a benefits determination. Id. at 1232. The parties to this appeal agree that the administrator had discretion. In step two, the court reviews the decision by the administrator to determine whether it was "wrong." See id. A decision is "wrong" if, after a review of the decision from a de novo perspective, "the court disagrees with the administrator's decision." See Williams, 373 F.3d at 1138 & n.8; see also HCA Health Servs., 240 F.3d at 993 n.23. The record is restricted to "the facts as known to the administrator at the time the decision was made." Jett v. Blue Cross & Blue Shield of Ala., 890 F.2d 1137, 1139 (11th Cir. 1989). If the decision by the administrator was "right," the inquiry ends, and the court affirms the decision. See Tippit, 457 F.3d at 1232.

An additional standard of review governs the remaining issues in this appeal. We review both discovery rulings, Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004), and the refusal of a district court to impose penalties under section 502(c) of ERISA, 29 U.S.C. § 1132(c); see Hunt v. Hawthorne Assocs., Inc., 119 F.3d 888, 914 (11th Cir. 1997), for abuse of discretion.

3

Eldridge presents three arguments. She contends that the district court erroneously affirmed the termination of her LTD benefits, abused its discretion by refusing to permit discovery, and erred by declining to impose penalties on the administrators of the Plan for failure to provide certain Plan documents. We discuss each issue in turn.

Eldridge first contends that Liberty Life Assurance Company of Boston ("Liberty Life"), the claims administrator for the Plan, and Wachovia's Benefits Committee, the Plan administrator, erroneously terminated her LTD benefits. She asserts that the administrators based the termination on an incorrect definition of disability from an outdated Plan document and the administrators committed several procedural errors. We disagree.

Even under the definition of disability that Eldridge advances, the decision by the administrators was not "wrong." Eldridge contends that the administrators should have assessed whether she was "unable to perform all of the material and substantial duties pertaining to the occupation [she] held at the time the disability began." The record before the administrators established that Eldridge was able to perform some material and substantial duties of her job as a senior vice president, a sedentary job.

When we review the record de novo, we do not disagree with the decision by

4

the administrators. On January 28, 2002, Liberty Life requested updated medical information from Eldridge. Eldridge provided an Attending Physician's Statement from Howard Ehrenfeld, M.D., who opined that Eldridge could work an eight-hour work day at a "sedentary job." On March 21, Liberty Life informed Eldridge that LTD benefits would not be approved beyond March 31. Liberty Life had reviewed various medical records, including treatment notes from her surgeon, which stated that Eldridge "has very little difficulty doing anything when she appears to set her mind but . . . really has no desire to go back to work."

Eldridge appealed to Liberty Life. On July 15, Eldridge submitted additional medical documentation in support of her appeal, including a questionnaire completed by Dr. Ehrenfeld on June 28. The responses in the questionnaire differed materially from Dr. Ehrenfeld's Attending Physician's Statement.

Liberty Life independently gathered supplemental information. Gale Brown, M.D., a consulting physician for Liberty Life, reviewed Eldridge's medical documentation and opined to a reasonable degree of medical certainty that Eldridge could perform sedentary work on a full-time basis with accommodation for her neck. Liberty Life also obtained video surveillance of Eldridge driving to several locations, standing at length, walking normally, squatting, bending at the

5

waist, gesturing with both arms, conversing, entering and exiting her car without difficulty, and holding a purse in her right hand.

The alleged procedural errors committed by the administrators do not alter our analysis. Although the administrators did not obtain a vocational analysis or an independent medical evaluation, Eldridge bore the burden of proving that she was entitled to LTD benefits. Horton v. Reliance Standard Life Ins. Co., 141 F.3d 1038, 1040 (11th Cir. 1998). She failed to submit sufficient evidence.

Eldridge next asserts that the district court should have permitted discovery to determine which definition of disability should have been applied to the termination of her LTD benefits. The district court did not abuse its discretion. Discovery was unnecessary, because the record was restricted to the evidence that was before the administrators and the question which definition of disability should have been applied is a legal one.

Finally, Eldridge contends that the district court should have imposed penalties on the administrators under section 502(c) of ERISA for failure to provide her certain Plan documents. Even if we assume that the administrators could have been subject to penalties under section 502(c), the district court did not abuse its discretion by declining to impose penalties. Eldridge failed to explain any prejudice from the alleged failure to provide documents. Scott v. Suncoast

6

Beverage Sales, Ltd., 295 F.3d 1223, 1232 (11th Cir. 2002).

The judgment of the district court is

**AFFIRMED.**